SAMUEL A. PURDY, ADMINISTRATOR, *vs.* STANLEY WATTS.

Third Judicial District, Bridgeport, April Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A relation of special confidence and trust existing between father and son can furnish no ground for an inference or presumption of undue influence or fraud as between them; therefore an instruction to the jury which casts upon a son occupying such a position the burden of proving that a deed obtained by him from his father was free from the former's undue influence and fraud, is erroneous and prejudicial.

A request to charge which, though correct in itself, is inapplicable to the issues before the jury, may very properly be refused.

The fact that a written agreement is valid and unobjectionable upon its face, has no relevancy to the question whether it was procured by fraud and undue influence.

A statement by the court in the charge, intended as a caution to the jury in the defendant's interest, to the effect that there were many allegations in the complaint which were important, if true, only as

throwing light upon the actual relations of father and son, and the controlling motives of each, cannot be held to have harmed the defendant.

Argued April 14th—decided June 10th, 1914.

SUIT to secure the cancellation of a deed of real estate owned by the plaintiff's intestate and alleged to have been secured by the defendant by means of coercion and undue influence, and for $25,000 damages, brought to the Superior Court in Fairfield County and tried to the jury before *Case, J.;* verdict and judgment for the plaintiff, setting aside said deed, from which the defendant appealed. *Error and new trial ordered.*

*William H. Comley, Jr.,* for the appellant (defendant).

*Edward J. Quinlan,* with whom were *John J. Walsh* and *Edward B. Bradley,* for the appellee (plaintiff).

THAYER, J.  The defendant is a son of the plaintiff's intestate, Sidney Watts.  It was an admitted fact upon the trial that on the first day of March, 1911, the latter executed and delivered to the defendant the deed which it is sought to have cancelled, the only consideration for which was an agreement, contained therein, that the defendant would comfortably and properly support and maintain the grantor upon the premises during his natural life, and keep the premises in reasonable repair, pay the taxes, insurance on the buildings, interest on a mortgage which was upon the premises, and the water rates; the grantor reserving to himself the personal use during his life of all books, pictures, musical instruments, tableware and linen which were upon the premises and were included in the conveyance. The complaint alleged that the grantor was at the time of the conveyance addicted to the use of intoxicating liquors and drugs, weak in body and mind and incapable

of attending to business affairs; that the defendant was his confidential manager and adviser, and took advantage of this relationship and the weak mental and physical condition of the grantor, and unduly influenced him to make the conveyance in question. These allegations were denied. The jury, upon interrogatories submitted to them, found that the intestate, when he executed the conveyance, possessed mind enough to understand and comprehend the nature and effect of his acts, and of the making of the conveyance, and that the defendant secured the conveyance from him by the exercise of such coercion or importunity as overcame his free agency.

The defendant claimed that the contract for support, and the conveyance for which it was the consideration, were voluntarily made between him and his father. He asked the court to instruct the jury that "no legal obligation, independent of contract, rested upon the defendant to do any of the things which were required of him by his father by the terms of the conveyance; and the mere fact that the defendant required of his father a . . . conveyance of the land as a condition to his agreement to do the things required of him by his father, furnishes no sufficient basis for setting aside the conveyance upon the ground of undue influence. This is not a question of gift. The deed to the defendant was not a gift. It was founded upon a legal and sufficient consideration." The court's neglect to charge this request is assigned for error. While it is true that the defendant was under no legal obligation to support his father, it appearing that the property conveyed was worth $10,000, subject to a small mortgage, the mere fact that he refused to support his father unless the conveyance was made was not enough in itself (if no coercion was used or unfair advantage of the grantor taken to compel the conveyance) to warrant the setting

aside of the deed. The first part of the charge requested was not adapted to the issues and the claims of the parties and was properly refused. The deed, in form, contained a contract between the parties, but the plaintiff claimed that it was no contract because it was obtained by undue influence and fraud. That was the issue, and the plaintiff claimed to have proved that the deed was obtained by threats and fraud. The court told the jury that on its face the contract between the father and son was a perfectly valid and proper undertaking, and left it to them to determine whether it was unfairly obtained. The last part of the request was also improper, in asking the court to tell the jury that the deed was founded upon a proper consideration. Having told the jury that in form it was valid and proper, the court correctly left the jury to say whether it was upon a valid consideration or was obtained by fraud. These requests were therefore properly refused.

This renders it unnecessary to consider whether the court ought to have found the fact requested in paragraph eight of the draft-finding. The request was made to supply a foundation for the defendant's claim that the requests to charge just considered should have been given. If found, the fact would not support his claim.

In charging upon the question of undue influence, the court instructed the jury as follows: "I should say to you that where a relation of special confidence and trust is established the burden of proof shifts in cases of this character. That is to say, the plaintiff in the first instance bears the same burden on this issue as on the other, that involving mental capacity. But if it should appear clearly that the father reposed special confidence in his son, and deferred to his advice and suggestion in the management and transaction of all his personal business and affairs, the burden is then cast upon

the defendant to show by a fair preponderance of the evidence that these conveyances were in fact the free and voluntary acts of Sidney Watts." This is complained of as improperly shifting upon the defendant the burden of proving that he did not obtain the conveyance from his father by undue influence. The rule is that the party alleging undue influence must prove it. We have held that where a testator cuts off his children, or the natural objects of his bounty, and makes his will in favor of a stranger holding some special relation of confidence and trust to the testator, the party attempting to sustain the will, where undue influence on the part of such beneficiary is charged, has the burden of proving that it was not procured by such undue influence. *Lockwood* v. *Lockwood*, 80 Conn. 513, 522, 69 Atl. 8. This recognizes such a case as an exception to the general rule that the party affirming fraud or undue influence must prove it. No good reason exists why a son, who has, as he should have, the special confidence and trust of his parents and who should be a natural object of their bounty, should be an exception to the rule, and required to prove that a testamentary gift or a conveyance upon consideration of an agreement like that now in question was not obtained by fraud when his title is attacked by a third party. In *Mooney* v. *Mooney*, 80 Conn. 446, 452, 68 Atl. 985, we held that the relation of confidence and trust existing between a mother and her son, where the latter was her adviser and managed her affairs, raised no presumption of undue influence and unfairness in a similar transaction between them. The jury's finding shows that the plaintiff's intestate was competent to contract at the time when he executed the deed in question. The only remaining issue was whether the defendant obtained it unfairly. It was harmful error to instruct the jury that if he occupied a relation of confidence and trust to

his father the burden was shifted upon him to prove that he did not obtain the deed through undue influence.

We think that the defendant was not harmed by the court's statement in the charge that there were many allegations in the complaint which the jury would have before them which were important only as throwing light, if true, upon the actual relations of the father and son and the controlling motives of each. This was doubtless intended as a caution to the jury in the defendant's interest. There were numerous allegations in the complaint which the defendant, without success, had endeavored to have stricken out. The court very carefully limited the issues which the jury were to try, and submitted interrogatories requiring them to answer the issues thus submitted, and the remark now in question explained the relation to these issues of the allegations referred to.

As there must be a new trial upon other grounds, it is unnecessary to consider whether there was error in refusing to set aside the verdict.

There is error and a new trial is ordered.

In this opinion the other judges concurred.