SAMUEL A. PURDY, ADMINISTRATOR, *vs.* STANLEY WATTS.

Third Judicial District, Bridgeport, October Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A cause of action for the cancellation of a deed, upon the alleged ground of the incompetency of the grantor, since deceased, and the procurement of the instrument by the exercise of undue influence and fraud by the grantee, involves equitable issues triable in a court of equity; while a claim for damages, because of an alleged breach of the grantee's covenant to properly support the grantor during his life, presents a legal issue triable in a court of law.

Our practice (Practice Book, 1908, p. 240, § 132) requires the statement of such causes of action in different counts, and therefore the trial court, upon motion of the defendant, may very properly order a severance of such causes and their averment in separate counts.

The fact that a defendant made no motion to separate legal and equitable causes of action contained in one count, before the first trial of the case, does not affect his right to move for such separation thereafter and before the second trial.

An order of court requiring all issues of fact in the case to be tried to the jury, or to the court, is merely interlocutory, and is subject to amendment, modification or annulment, at the discretion of the judge who passed the original order or of any successor having jurisdiction of the cause.

In the present case, after having ordered a separation of the causes of action, the court directed that the equitable issues, which appeared

Purdy *v.* Watts.

to be the principal ones, should be tried first and to the court. *Held* that the record disclosed nothing to indicate that the court's discretion was not reasonably exercised in these rulings.

Argued October 31st—decided December 19th, 1916.

SUIT for the cancellation of a deed which was alleged to have been obtained by the defendant through fraud and undue influence from the plaintiff's intestate, and also for damages, brought to the Superior Court in Fairfield County where the equitable issues were, upon an order of court, *Williams, J.,* tried to the court, *Shumway, J.,* and judgment rendered for the defendant, after which the plaintiff was nonsuited in a trial of the legal issues to the jury before *Gager, J.,* and from these judgments the plaintiff appealed. *No error.*

*John J. Walsh* and *Edward J. Quinlan,* for the appellant (plaintiff).

*William H. Comley, Jr.,* for the appellee (defendant).

THAYER, J. This case was before us on appeal from a former judgment, and a new trial was granted. 88 Conn. 214, 90 Atl. 936. After the case was remanded, the Superior Court permitted the defendant to file a motion that the plaintiff be required to state in separate counts his separate causes of action, granted the motion, and afterward ordered that the issues adapted to the claims for equitable relief should be tried to the court and tried first. These rulings are assigned for error in the plaintiff's appeal, and are the only ones which he pursues in his brief and argument.

We think that there was no error in either of these rulings. The plaintiff's prayer for the cancellation of the deed in question was based upon the claim that his intestate, Watts, was incompetent to make a deed at the time he executed it, and upon the claim that the defendant, who was his son and confidential adviser,

procured the intestate to make it by undue influence and fraud. The issues involved in these claims are equitable issues properly triable in a court of equity. The theory upon which the plaintiff advanced these claims was that there was no lawful agreement between the intestate and the defendant for the conveyance in question. The theory upon which the claim for damages was advanced was that there was a valid contract between the parties whereunder the intestate conveyed the real and personal property to the defendant upon an agreement by the latter, stated in the deed, to support the intestate, comfortably and properly during his life, upon the premises, and that the defendant broke his contract and failed to properly support him. This is a cause of action for a breach of the contract, and presents an issue triable in a court of law. To properly state it, many of the allegations essential to the statement of the equitable action were not necessary, and at least one allegation, namely, that the defendant had broken his contract, which was not essential to a statement of the equitable cause of action, was necessary to this. The facts, out of which this cause of action arose, occurred after the procuring of the deed out of which the equitable cause of action arose, and it was proper that the two causes should be separately stated in different counts. They constitute a separate and distinct cause of action, which is distinguishable from a separate claim for relief arising out of the equitable cause of action, and should be stated in a separate count [Practice Book (1908) p. 240, § 132], although both causes of action may, as the plaintiff claims, be joined in one complaint. Practice Book, p. 242, § 136.

It is argued that if the causes of action might properly have been separated in the beginning, the order ought not to have been made after the case had been in court for more than two years and there had been

one trial of it upon the original complaint; and it is claimed that this separation of the causes of action was an error which resulted in the deprivation of the plaintiff of a right to a trial of his whole case to the jury. As pointed out above, the defendant was entitled to have the facts upon which the claims for equitable and legal relief were based, stated in separate counts. The fact that this was not moved for or ordered prior to the first trial, cannot affect the defendant's rights. The fact that he proceeded to a trial of the case without moving for the separation, was not a waiver of his right to move for it after that trial had proved to be a mistrial. His action in going to trial only waived his right to ask for a separation of the causes of action so far as that trial was concerned. When later he asked for the separation, as was his right, his motion was properly granted. As the order was properly made we need not inquire how far, if at all, it affected the court's subsequent action in ordering that the issues of fact affecting the equitable cause of action should be tried to the court. Such an order was made, and the correctness of that ruling is the only remaining question argued upon the appeal.

Prior to the first trial the court had ordered that all the issues of fact in the case should be tried to the jury. In the absence of such an order the plaintiff had no right to a trial by jury of the issues of fact upon which the claims for equitable relief are founded. *Meriden Savings Bank* v. *McCormack*, 79 Conn. 260, 262, 64 Atl. 338. The court in such a case could, in its discretion, order that one or more of the issues joined be tried to the jury. Practice Book (1908) p. 62, § 723; *Bristol* v. *Pilchard*, 81 Conn. 451, 453, 71 Atl. 558. The plaintiff's claim is, that having before the first trial ordered all the issues be tried to the jury, the court improperly afterward made the order now complained of,

that the equitable issues be tried to the court. We think it was within the court's discretion to modify the order. The original order was merely interlocutory, made during the progress of the action and relating to the proceeding. Such orders are constantly modified, amended or annulled. They are not like a final judgment. Such amendment or cancellation may be made at a subsequent term and by another judge than the one who made the original order. There is nothing in the case which shows that the court's discretion was not reasonably exercised. The result of the modification of the order was to leave the parties where they would have been had the original order not been made. When that order was made there had been no separation of the causes of action. The record shows that upon the first trial only the equitable issues were tried, and no claim made by the plaintiff for damages and no evidence offered to support such a claim. After the issues were separately stated it appeared, as the judge who modified the order stated in his memorandum, that the principal issues in the case were the equitable issues, and that under the circumstances then disclosed by the record, it appeared that justice to both parties would best be subserved by a trial by the court of the issues adapted to the claims for equitable relief. The record then contained a transcript of all the evidence given upon the first trial, which was filed in aid of a motion for a new trial for verdict against evidence, and from this it may be presumed, as well as from the rest of the record, the court formed its opinion that the equitable case was one more properly triable to the court than to the jury. We cannot say that the court did not exercise a reasonable discretion in making the order complained of.

There is no error.

In this opinion the other judges concurred.