## SOPHIA MURRAY *vs.* ANTONIO GAGLIARDI.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

A preliminary ruling upon the admissibility of a photograph involves the exercise of discretion which is not reviewable upon appeal unless unreasonable.

A judgment will not be reversed because of a mistaken ruling upon evidence unless the error was harmful.

Argued October 29th—decided December 16th, 1926.

Murray *v.* Gagliardi.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Booth, J.;* verdict and judgment for the plaintiff for $1,750, and appeal by the defendant. *No error.*

*Samuel E. Hoyt,* with whom, on the brief, was *James J. Corrigan,* for the appellant (defendant).

*Stanley Dunn,* for the appellee (plaintiff).

PER CURIAM. The plaintiff seeks to recover damages for injuries incurred by her while walking upon a sidewalk through tripping upon a wire attached to a post on the inside of the sidewalk and extending across it. Upon the trial plaintiff offered in evidence a photograph taken eight months after her accident to show the substantial identity of some parts of the *locus,* as well as the post to which this wire had been attached. The photograph was not offered to show that the wire represented in the photograph as extending from one of the posts was the same wire upon which plaintiff fell, or that the sidewalk therein represented was in the same condition, or the snow and leaves thereon the same as at the time of the accident. While the court in admitting it stated that the photograph was admitted as a full exhibit, the jury could not, we think, have understood that its admission was for broader purposes than those of the offer which had just been made in their presence. Defendant objected to its admission as portraying the physical conditions existing at the time of the accident. A preliminary ruling as to the admission of a photograph is within the discretion of the court, and unreviewable unless exercised unreasonably. *Harris* v. *Ansonia,* 73 Conn. 359, 363,

47 Atl. 672. In the present case the photograph was offered for purposes which could as well, or better, be described by witnesses, and since the existence, location and condition of the wire over which plaintiff claimed to have fallen was a vital point in establishing the negligence of defendant and it was impossible to eliminate the wire represented upon the photograph taken eight months after the accident, it would have been better to have excluded the offer. But this conclusion falls far short of holding, as matter of law, that the ruling was an abuse of the court's discretion. Moreover, the record does not enable us to determine that the admission of the photograph was a harmful error. The finding indicates that there was other evidence before the jury to prove the location and condition of this wire. What its character and extent were, and whether the representation of this wire upon the photograph affected in material degree the jury's conclusion, cannot be found. Until it does appear that a ruling on evidence was a harmful error, it will not be held to be a reversible error.

There is no error.