BARNETT SENDEROFF *v.* EDITH SENDEROFF

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 12—decided December 5, 1946

*Charles Albom,* with whom, on the brief, was *Louis Evans,* for the appellant (defendant).

*Louis Feinmark,* with whom, on the brief, were *Israel J. Jacobs* and *Lester H. Aaronson,* for the appellee (plaintiff).

ELLS, J. This is an action for divorce on the ground of adultery. Judgment was for the plaintiff and the defendant has appealed.

The finding cannot be corrected in any material respect. It states facts which reasonably support the court's conclusion that the defendant committed adultery. The only direct testimony as to these facts was given by the plaintiff, and the defendant claims that under the law of this state his testimony, disputed by the defendant, must be corroborated by other witnesses. There was, in fact, corroboratory evidence in this case, and we could decide it upon that basis alone. To do so, however, might cause uncertainty in the minds of trial judges and attorneys, and therefore we decide the question which the defendant has raised.

In *Neff* v. *Neff,* 96 Conn. 273, 275, 114 A. 126, we held that in a divorce action the requirement as to proof was the same as that in any other civil proceeding, a fair preponderance of the evidence, but that a court should scrutinize the evidence with care and should not find the fact of adultery unless it was clearly established. In *Babcock* v. *Babcock,* 117 Conn. 310, 312, 167 A. 815, an action for divorce on

the ground of intolerable cruelty, we said: "While it is true that, in uncontested cases, courts will not ordinarily grant divorces upon the uncorroborated evidence of the parties, the court, if it believed the plaintiff, was justified, upon the conflicting evidence in this case, in finding facts in accordance with his testimony, though it was not corroborated by that of other witnesses." In *Mercer* v. *Mercer,* 131 Conn. 352, 353, 39 A.2d 879, we approved the customary practice of trial courts in not granting uncontested divorces unless the testimony of the plaintiff was corroborated by two witnesses and the requirement of many trial judges that at least one of these witnesses be not related to the plaintiff. If we seek authority elsewhere, we find it stated that ordinarily a divorce will not be granted upon the uncorroborated testimony of the plaintiff; 19 C.J. 133; 27 C.J.S. 730; that in some states corroboration is required by statute, among them Iowa and Maryland, from which jurisdictions the defendant cites cases; Keezer, Marriage & Divorce (3d Ed.) § 822; 3 Nelson, Divorce & Annulment (2d Ed.) § 26.13; but that in the absence of a statute there is no inflexible rule that corroboration is necessary, and, in the exceptional cases at least, a divorce may be granted solely upon the testimony of the plaintiff. *Robbins* v. *Robbins,* 100 Mass. 150; *Sweet* v. *Sweet,* 119 Me. 81, 109 A. 379; *Brookhouse* v. *Brookhouse,* 286 Mich. 151, 154, 281 N.W. 573; and see *Baker* v. *Baker,* 195 Pa. 407, 411, 46 A. 96.

It is sound law, in harmony with our decisions, that while corroboration should usually be required and, where there is none, a court should proceed with caution and carefully weigh the evidence, yet, if it finds a cause of divorce clearly established, the

fact that there is no evidence of its existence other than that of the plaintiff does not preclude a judgment dissolving the marriage, particularly where, under the circumstances, little or no corroboratory evidence is to be expected.

The defendant has assigned error in several rulings on evidence. There is but one claim that merits consideration. The defendant had testified that she was a good, loving and faithful wife. Upon cross-examination she was asked if she had received letters from a former suitor under her maiden name, after her marriage, at her mother's house. Defendant's counsel did not object. She answered "Yes" and thereupon counsel offered in evidence two letters and a birthday card which had been preserved by the defendant and were found by the plaintiff among her effects after the separation. They were offered to contradict her testimony that she had been a loving and faithful wife, and also to show her "inclination." The court admitted them, and the defendant duly excepted. If the letters had been written by the defendant it is conceivable that they could have been relevant. It would depend upon the nature of the contents. The letters in question were not written by her. The contents are entirely innocent in character, and even if they were not relevant to either of the claimed purposes the ruling could not have been harmful to the defendant. "A new trial will not be granted because of a ruling which, though erroneous, could not have harmed the appellant." *Lomas & Nettleton Co.* v. *Waterbury,* 122 Conn. 228, 236, 188 A. 433; Conn. App. Proc., p. 16.

There is no error.

In this opinion the other judges concurred.