LENA LIMMER ET AL. v. FRATERNAL ORDER OF EAGLES

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 80742

Memorandum filed November 7, 1950

Milton M. Koskoff, of Plainville, and Cole & Cole, of Hartford, for the Plaintiffs.

Harold Missal, of Bristol, for the Defendant.

COMLEY, J.  The default entered against the Fraternal Order of Eagles on February 4, 1948, was a judgment but it was not a final judgment. That it was a judgment is indicated by the language of General Statutes, § 7700, and Practice Book, § 47. That it was not a final judgment is obvious. Final judgment against this defendant could not be entered until the plaintiffs had proven their damages. This they have never done. The default is really in the nature of an interlocutory judgment.

General Statutes, § 7963, apparently refers to the final judgment that is rendered after a judgment by default. It refers to a "judgment rendered or decree passed upon a default" and not to a judgment rendered by default. Therefore, the limitation of four months applies only to the final judgment rendered after the default has been entered.

Nor does the rule that judgments may only be opened during the term at which they are rendered apply to a default which has not gone to final judgment. That rule applies only to final judgments and not to interlocutory judgments or orders which are not final. See *Purdy* v. *Watts,* 91 Conn. 214.

Some language to the contrary may be found in *Paiwich* v. *Krieswalis,* 97 Conn. 123, and *Dante* v. *Dante,* 93 Conn. 160, although it is to be noted that in each of these cases final judgment had been entered. It does not seem to me that a plaintiff who has obtained a default but has never pursued the matter to a conclusion can complain if the default is reopened at any time before final judgment.

The motion is granted.