MARGARET DeCARUFEL *v.* THE COLONIAL TRUST COMPANY, EXECUTOR (ESTATE OF EUGENIE C. HABLITZEL)

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 3—decided November 29, 1955

*Joseph M. Navin,* for the appellant (plaintiff).

*William B. Fitzgerald,* for the appellee (defendant).

O'SULLIVAN, J. The plaintiff brought suit to recover the reasonable value of services alleged to have been requested by and rendered to Eugenie C. Hablitzel during the latter's lifetime. The case was tried to the jury, who returned a verdict for the defendant. The plaintiff has appealed, assigning error in the court's refusal to charge as requested and in two rulings on evidence, of which only one is pressed.

A detailed recital of the parties' offers of proof is not necessary. It will be ample, under the circumstances, to say that the plaintiff offered evidence to prove the following: Eugenie C. Hablitzel died at Watertown on August 5, 1953. She left a will in which the defendant was named as executor. During her life, Miss Hablitzel had requested the plaintiff to come from Waterbury to Watertown to care for her and had promised the plaintiff to compensate her by will for such services as she might perform. In compliance with that request and in consideration of that promise, subsequently renewed on many occasions, the plaintiff rendered services to Miss Hablitzel from 1929 until the latter's death in 1953. Although these services were reasonably worth $20,000, Miss Hablitzel bequeathed only $500 to the plaintiff.

The defendant's offer of proof consisted, in large measure, of evidence denying that its decedent had ever promised to compensate the plaintiff as claimed.

The plaintiff filed twenty requests to charge. Eleven of them were so phrased that the court would

have invaded the province of the jury had they been granted. Thus, the court may not resolve questions concerning the credibility of witnesses and the weight, as well as the significance, of evidence. *Frechette* v. *New Haven,* 104 Conn. 83, 93, 132 A. 467. It may not pass upon controverted issues of fact by using an instruction which affirmatively states as true a matter that is in dispute. *Carney* v. *DeWees,* 136 Conn. 256, 264, 70 A.2d 142; *Brown* v. *New Haven Taxicab Co.,* 93 Conn. 251, 256, 105 A. 706. Nor may it dictate what conclusions the jury may draw when the parties are not in accord as to the evidence. *Nesbit* v. *Crosby,* 74 Conn. 554, 563, 51 A. 550. Nor, when the issues are contested, may it adopt a request to charge which is so worded as to be the equivalent of directing a verdict for the plaintiff. *Scorpion* v. *American-Republican, Inc.,* 131 Conn. 42, 48, 37 A.2d 802; *Purdy* v. *Watts,* 88 Conn. 214, 217, 90 A. 936.

Five of the twenty requests were inapplicable to the issues. *Kornblau* v. *McDermant,* 90 Conn. 624, 635, 98 A. 587. Two others were mere statements of abstract law. *New England Fruit & Produce Co.* v. *Hines,* 97 Conn. 225, 235, 116 A. 243; *Kelley* v. *Torrington,* 80 Conn. 378, 383, 68 A. 855. The failure to grant another request is not pressed, and the substance of the remaining one was amply covered in the charge as given. The court did not err in refusing to grant the requests to charge.

The test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. *Borsoi* v. *Sparico,* 141 Conn. 366, 371, 106 A.2d 170. Since the charge was sufficiently correct in law, adapted to the issues and ample for the

guidance of the jury, it met the required test. *D'Addario* v. *American Automobile Ins. Co.*, 142 Conn. 251, 255, 113 A.2d 361; *Castaldo* v. *D'Eramo*, 140 Conn. 88, 94, 98 A.2d 664.

The other assignment of error deals with a ruling on evidence. The defendant called Edward G. Hazen as a witness. He testified on direct examination that he was a representative of the defendant and, as such, had done business with Miss Hablitzel in the process of administering an agency account for her. The record fails to disclose any further matter upon which he testified. In reply to questions propounded on cross-examination, Hazen said that he did not recall ever stating to anyone that Miss Hablitzel had told him that she would not have lived as long as she did were it not for the plaintiff. On rebuttal, the plaintiff called her daughter-in-law to testify that Hazen had in fact made the statement which he said he failed to recall. The purpose of the offer was to weaken the force of Hazen's testimony. The court ruled that the offer was improper because it involved collateral matter elicited on cross-examination, and the plaintiff duly excepted.

The mere fact that a ruling on evidence is erroneous does not entitle the aggrieved party to a new trial. *McCarrick* v. *Kealy*, 70 Conn. 642, 646, 40 A. 603. It must be both wrong and harmful. *Senderoff* v. *Senderoff*, 133 Conn. 300, 303, 50 A.2d 422; *Sickmund* v. *Connecticut Co.*, 122 Conn. 375, 382, 189 A. 876; Maltbie, Conn. App. Proc., § 13. If the ruling could not reasonably have affected the verdict, it is not harmful. *Costello* v. *Costello*, 134 Conn. 536, 544, 59 A.2d 520. The determination of that question lies in the record. *Murray* v. *Gagliardi*, 105 Conn. 392, 394, 135 A. 293; *Peck* v. *Pierce*, 63 Conn. 310, 319, 28 A. 524. In the light of these principles, the ruling,

even if erroneous, was harmless. The record shows, on the matter under discussion, that the witness Hazen testified only to a business relationship with Miss Hablitzel concerning an agency account he was handling for her. Because of the nature of this testimony, the verdict could not reasonably have been affected, even had the jury disbelieved it in its entirety.

There is no error.

In this opinion the other judges concurred.