UNITED STATES PIPE AND FOUNDRY COMPANY *v.* EDMUND PFOTZER ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-703-18061

Argued February 7—decided March 24, 1972

*Edmund Pfotzer* and *E. John Pfotzer,* pro se, the appellants (defendants).

*John A. Mottalini,* of Norwalk, for the appellee (plaintiff).

DEARINGTON, J. The sole question is whether the court erred in rendering a summary judgment on the ground that there was no genuine issue as to any material and triable fact.

The action was commenced by a common counts writ. The bill of particulars alleges that the defendants were indebted to the plaintiff for pipe material furnished to them. The defendants answered by way of a general denial. The record contains a plethora of pleadings requiring the efforts of six judges. After those pleadings were filed, the named defendants, hereinafter referred to as the Pfotzers, brought a cross action impleading the city of Norwalk. See Practice Book § 78A. In their complaint against Norwalk the Pfotzers, as third-party plaintiffs, alleged that Norwalk was indebted to them for the cost of the pipe material and for other materials, work, labor and services furnished by them in connection with work performed by them at the Norwalk sewage treatment plant, that these pipes were sold to them by the plaintiff, and that Norwalk owed them for the cost of the pipes.

The plaintiff moved for a summary judgment against the Pfotzers, and they in turn moved for a summary judgment against Norwalk. The court denied both motions on the ground that a genuine issue of fact existed. The plaintiff moved to reargue the denial of its motion for summary judgment and the motion was granted. Thereafter, a hearing was

held at which the Pfotzers appeared, and after the hearing a summary judgment was rendered in favor of the plaintiff. Prior to the rendering of that judgment, the Pfotzers had replied to the plaintiff's motion for disclosure of defense by setting forth their action against Norwalk and alleging that Norwalk owed them money for the construction work performed by them at the sewage treatment plant. At no time did they file an opposing affidavit. "In order to oppose successfully a motion for summary judgment, the opposing party must recite facts in accordance with Practice Book § 300 which contradict those offered by the moving party." *Dorazio* v. *M. B. Foster Electric Co.*, 157 Conn. 226, 229. The credibility of the plaintiff's affidavit was not an issue, and no adverse inferences helpful to the Pfotzers could be drawn from it.

While the Pfotzers have assigned several errors, their principal assignment appears to be the claim that the trial court erred in not considering their motion for a summary judgment against Norwalk at the same time as it rendered judgment for the plaintiff. At the hearing before this Appellate Division, they admitted the plaintiff's claim but countered by arguing that they could not pay the plaintiff until Norwalk paid them. Thus, the issue raised here does not relate to the validity of the summary judgment rendered but rather to whether that judgment could be rendered without also acting on the Pfotzers' motion for a summary judgment against Norwalk.

Procedure in Connecticut for the impleading of a third-party defendant is governed by Practice Book § 78A and is similar to the procedure followed in the federal courts though not in all respects. See Fed. R. Civ. P. 14 (a). Under our practice "[w]hen any civil action in which such a third party has been brought in is reached for trial, the court hearing the case may order separate trials of different

parts of the action and may make such other order respecting the trial of the action as will do justice to the parties and expedite final disposition of the case." Practice Book § 78A. The court found "that there is no genuine issue as to any material fact in the complaint and that the plaintiff is entitled to judgment as a matter of law against Edmund Pfotzer and John Pfotzer." See Practice Book § 303. Thus, there appeared to be no valid reason to delay rendering a summary judgment in favor of the plaintiff against the Pfotzers, leaving them to proceed with their action against Norwalk according to the law. This procedure is in accordance with the provisions of § 78A of the Practice Book.

The remaining assignment of error relates to the Pfotzers' claim that, the plaintiff's original motion for summary judgment having been denied, its denial became the law in the case. The ruling of the court was interlocutory in nature, for the court conditioned its ruling on the outcome of a further hearing to determine certain issues relating to an action between the Pfotzers and Norwalk which was claimed to be of a similar nature and pending in the United States District Court. In the event those issues were found not to be in conflict with the actions pending in this court, the memorandum of decision recites that "this course of action should be set for a hearing on its merits." Thus, the court left the matter open for further consideration, and the ruling of the court could not be considered res judicata. *Varanelli* v. *Luddy*, 130 Conn. 74, 80; 56 Am. Jur. 2d, Motions, Rules and Orders, § 30. Moreover, the ruling of the court did not result in a final judgment. *Purdy* v. *Watts*, 91 Conn. 214, 218. Nothing is gained by this assignment of error.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.