[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN DEFAULT WHERE JUDGMENT HAS NOT BEEN RENDERED
The defendant was defaulted for failure to appear on May 23, 1989, and filed its appearance on June 21, 1989. The defendant did not immediately learn of the default. The clerk's file does not indicate that the court clerk sent a notice of CT Page 1306 that default to the defendant. No judgment had yet been rendered. More than four months later, on October 18, 1990, the defendant moved to reopen the default. The plaintiff objects because more than four months has gone by since the default was entered.
Because (1) the file does not evidence a notation that the clerk gave the defendant notice of the entry of default as the practice rules require; (2) the defendant did appear prior to the plaintiff obtaining any judgment on the default; (3) the four month time limit does not apply to Motions of this kind; and (4) the court has found good cause, the default judgment is reopened.
Despite the catchline of Section 369 of the Practice Book which reads "Hearings in Damages — Notice by Clerk", it seems to apply to this situation. It provides in pertinent part that "The clerk shall give notice of entry of a default, in the case of a defendant who has filed an appearance, either in person to the defendant or his attorney, or by mail, and in the case of a non-appearing defendant by mailing such notice to the defendant at his last known address." It further requires "The clerk shall enter on the docket the date when he gives or mails the notice. . . ." No such clerk's entry appears regarding the default previously entered in this case. For that good cause and the further reason that the appearance of counsel selected for the defendant by its insuror closely followed the entry of default and there was no knowledge of its entry for a long time, the Default is reopened pursuant to Section 376 of the Rules of Practice.
No four month limit applies to moving to reopen defaults where no judgment after default has yet been rendered. See Practice Book 376. Limmer v. Fraternal Order of Eagles,17 Conn. Sup. 117-118.
The Motion to Reopen is therefore granted.
It is also worth noting that by enacting the amended Section 352 of the Rules of Practice which went into effect on October 1, 1990, the Judges of the Superior Court made a policy judgment that "If the defaulted party files an appearance in the action prior to the entry of judgment after default, the default shall automatically be set aside by the clerk."
FLYNN, JUDGE