SUPPLY T. HOLBROOK, JUDGE OF PROBATE, *vs.* JONATHAN W. BROOKS AND ANOTHER.

The utmost fairness is required from a guardian in all his dealings with his ward. When the land of the ward is sold by a guardian at private sale, he sells at his peril, if he sells for less than a fair price.

An order of a court of probate, that a return of sale of land made by a guardian be recorded, under the statute, ( Revision of 1866, p. 315, ) is simply a ministerial act, and does not conclude the parties in interest from investigating the conduct of the guardian in making the sale, either by objecting to the allowance of his guardian accounts, when rendered to the court of probate for adjustment, or, if he fails to render one, by an action on his bond.

In an action of debt upon a guardian's bond, given upon his obtaining an order to sell his ward's land, the defendant craved oyer of the bond and condition, and, having recited them, pleaded performance. The plaintiff replied, assigning as a breach that the guardian fraudulently and negligently sold the land for less than its value, to which there was a rejoinder of the general issue, with notice that proof would be offered that before the sale the guardian made expensive improvements upon the property, without charge to the ward. Held, that evidence as to these improvements was admissible, on the question of damages. *It seems,* also, that it would be admissible by virtue of the notice.

ACTION of debt upon a probate bond, given by a guardian upon obtaining an order to sell real estate, brought in the name of the judge of probate, for the benefit of the ward. The condition of the bond, which was recited upon oyer, provided that, " whereas the said Jonathan W. Brooks, guardian of Mary N. Lord, of said Norwich, a minor, has made application to said court of probate for an order to sell real estate, the property of said minor, lying in said Norwich, be ing the undivided half of the land and house, late the homestead of Henry Lord now deceased, and particularly described in said application on file in said court, which half is valued at about eight hundred dollars, and said court has granted said petition : if then said guardian shall invest or otherwise dispose of, for the benefit of said minor, the avails of said property to be sold in pursuance of the order of said court for the sale thereof, according to the provisions of law, and render his account to said judge, or his successor in said office, if thereto required, or to said minor, when she shall arrive at full age, then the above obligation to be void, otherwise to remain in full force." The defendants pleaded per-

formance, and the plaintiff replied, traversing this plea, and averring that, under this order of sale and after the execution and delivery of the bond, the said Jonathan W. Brooks sold at private sale the undivided half of the property described, belonging to the minor, together with the other undivided half of the same and three other pieces of land, all of which belonged to himself, for the sum of $3,000; that said homestead was then worth $2,500, and the three other parcels not more than $500; that, notwithstanding, he fraudulently agreed with the purchaser to call the price of the homestead $1,600, and of the rest $1,400, and accordingly gave a deed of the minor's half interest, for the expressed consideration of $800, made return to the court of probate of a sale for this amount, and soon after, having resigned his office of guardian, paid over that sum to his successor, and had never otherwise accounted for the avails of said sale. It was also assigned as a further breach, that Brooks wrongfully and unjustly sold the minor's interest in the homestead at private sale, for the sum of $800, although it was then justly worth, as he well knew, the sum of $1,250. To this replication a general denial was filed, with notice that the defendants would prove that a return was duly made to the court of probate of the sale, and of the price received, which price was particularly enquired into by said court and approved and ordered to be recorded, and that this order had never been annulled or appealed from; and also that Brooks expended considerable sums in improving the homestead, while owning an undivided half of it, for which he had made no charge against his ward.

Issue was joined upon this plea to the court, and the case reserved for the advice of this court, upon a finding embracing the following facts.

The order of sale by the court of probate was made after due notice had been given of the application therefor, to the satisfaction of that court, and empowered the defendant Brooks, after giving bonds, " to sell, either at public or private sale, as shall be best for said minor, her interest in said real estate, give sufficient deeds of conveyance thereof to the

purchaser, and make return to this court of the time when, to whom, and for how much, said sale shall be made. " In pursuance of this order, Brooks sold at private sale, in one contract, to one purchaser, and for the gross sum of $3000, the property in question belonging to his ward, being an undivided half interest in a house and lot, together with the other undivided half of the same, which belonged to himself, and three other parcels of land also his own. He made a return of this sale within a few days after, to the court of probate, stating the time of the sale, the name of the purchaser, and eight hundred dollars as the price received ; which return was recorded by order of the court. No appeal has ever been taken from any of these orders or proceedings of the court of probate, nor have they or any of them ever been annulled, although Mary N. Lord, the ward, is now twenty-eight years of age.

At the time of the sale, and after the price of the whole purchase had been fixed and agreed upon at the sum of $3,-000, it was arranged between Brooks and the purchaser that the ward's interest in the homestead should be considered as equal to the sum of $800, and a deed of the same was given by Brooks, as guardian, expressed to be for that consideration. It was further arranged that Brooks' interest in the homestead and the other parcels of land sold should be considered equal to $ 2,200.

Three thousand dollars was the fair value of the entire property sold. One of the three parcels of land owned wholly by Brooks and sold with the homestead was worth $800. The other two were intrinsically worth $50 each, but they adjoined the homestead, and, taken in connection with that, together enhanced its value in the sum of $200. Brooks made improvements upon the homestead during the time when he owned a half interest in it at his own expense, and without charge to the ward, which made it worth more by two hundred dollars at the time of sale than it would otherwise have been.

*Wait* and *Hovey*, for the plaintiff, contended that evidence

of the value of the minor's interest in the land sold was admissible, under the issue formed by the pleadings, and, in connection with all the circumstances of the sale, made out a case of fraud, for which this action gave the proper remedy; that the action of the court, upon the return of the sale, was merely ministerial, and not the subject of appeal; and that, if any charge could have been made against the ward for the improvements made upon the property, the claim should have been embraced in the guardian's account rendered to the court of probate, ( 1 Washb. Real Prop., 421, ) and could not be regarded under the pleadings in this action.

*Halsey* and *Holbrook*, with whom was *Starkweather*, contra, maintained that the acceptance of the return of sale by the court of probate was implied in the order to record it; that an appeal from this order was the proper remedy for any wrong done in the sale, and none having been taken, the remedy was now gone, ( *Goodrich* v. *Thompson*, 4 Day, 220 ; *Bryan* v. *Hinman*, 5 id. 215 ; *Dickinson* v. *Hayes*, 31 Conn., 417 ; ) but that, if this action was sustainable, justice required that the guardian should have the benefit of his improvements made upon the property of the ward, for the purpose of rebutting the charge of fraud. ( Hill on Trustees, 396, 404, 571. )

CARPENTER, J. Jonathan W. Brooks, one of the defendants, and Mary N. Lord, were the owners, each of an undivided moiety of a piece of real estate. The said Mary was a minor, and Brooks was her guardian. The court of probate decreed the sale of the minor's interest in the property, which the guardian sold, together with his own interest therein, and also three separate parcels of land owned by himself in severalty, for the sum of three thousand dollars. His separate property was worth $900, and the common property was enhanced in value some $200 by certain improvements made by the guardian at his own expense, leaving the sum of $1,-900, which should have been equally divided between them. The guardian arranged with the purchaser to call the minor's

interest worth $800, and gave a deed, and made return of sale to the court of probate, accordingly. The return of sale was duly recorded. The guardian then resigned, and paid over $800 only to his successor. He rendered no account to the court of probate, and never settled with his ward.

A guardian is bound to use reasonable and prudent care in the management of his ward's property ; and the law justly requires the utmost fairness in all his dealings with the ward. He shall under no circumstances be permitted to reap any personal advantage from the use of the ward's money or other property, but all the income and profits thereof shall be faithfully accounted for. And when land is sold at private sale, as in this case, he sells at his peril, if he sells for less than a fair price.

In view of these familiar principles how does this case stand ? At the same time that the guardian sold his ward's property for $800, he sold to the same purchaser his own property, identical in quantity, quality and value with his ward's, for $1,100. If he received only a fair price for his own, he was guilty of gross negligence in selling his ward's property for so much less than a fair price ; if he received more, it was at the expense of his ward. In either event his liability must be conceded, unless he is saved by the action of the court of probate on the return of sale. This is claimed by the defendants, and that presents the principal question in the case ; which is, what effect is to be given to the doings of the court of probate, in receiving and recording the return of sale?

To sustain the position that the court thereby conclusively determined the value of the minor's interest in the property to be $800, several cases are cited. But these cases go no further than to establish the doctrine, which is not denied, that a matter once passed upon by the court of probate, in the settlement of an administration or guardian account, is conclusive, unless appealed from. It is difficult however to see how that doctrine applies to the present case.. The statute, Title 13, chap. 5, sects. 77 and 85, expressly requires

the guardian who sells his ward's land, not only to make a return of sale, but also to render an account of the funds received. The return of sale " shall be recorded," is the simple requirement of the statute. It cannot be rejected, and it is not required even that it shall be formally accepted. The court can exercise no discretion, but must receive and record it. The action of the court is ministerial, and not judicial.

The account shall be rendered " for adjustment." The court can then *judicially* investigate all the guardian's dealings with the ward, so far as they pertain to the account, and the rights of the parties relative thereto can be conclusively determined. And the court cannot be precluded from this inquiry by any action had on the return of sale.

A glance at the proceedings in this case will show the absurdity of the defendants' claim. The guardian made return that he sold the property — *bona fide*, and at a fair price, if you please, — for a certain sum : which return was recorded. Though required by law, and entered of record, it was, nevertheless, but the naked declaration of the party in interest, not under oath, and not subject to the usual tests of a cross-examination ; the adverse party was not present, had no notice to be present, and had no opportunity even to tell her own story ; and the court in no way or manner found the declaration to be true. To give such a proceeding the force of a judgment, conclusively binding upon the parties, would sanction a manifest fraud in the present case, and open a wide door to fraud in the future.

The plaintiff claims that the defendants are not entitled to an allowance in this action, for the improvements made on the property, and that the evidence offered on that subject was inadmissible under the pleadings. We think this claim is not well founded. The defendants' rejoinder to the replication is a general denial of the allegations therein, and accompanying it is a written notice that this special matter will be offered in evidence on the trial. Now if this mode of pleading is allowable in a case like this, and we are inclined to think it is, the evidence was clearly admissible ; but if not, the evidence was admissible on the question of damages.

The improvements were not made against nor without the consent of the co-tenant, but under the circumstances must be presumed to have been made by her consent. It is manifestly equitable that the guardian should be paid for the permanent improvement of the property, and we see no objection to allowing it in this action.

The superior court is advised to render judgment for the plaintiff for $150, with interest from the date of sale.

In this opinion the other judges concurred.