MARGARET CAIN *vs.* HENRY McGEENTY and another.

July 8, 1889.

**Fraud—Adm'rs Sale—Purchase by his Son.** — The law will not infer fraud in an administrator's sale of real estate, from the fact that the purchaser is a son of the administrator.

Evidence *held* to justify findings of fact.

On August 22, 1868, John McGeenty, defendants' father, was appointed by the probate court of Hennepin county administrator of the estate of Bernard Cain, plaintiff's father, who died seized in fee of certain land in that county. On November 6, 1869, the administrator applied for license to sell the land, and on December 24, 1869, after due notice and hearing, the license was granted; and on March 19, 1870, after due notice, the administrator sold the land, in the manner directed by the probate court, to Patrick McGeenty, his son, and on March 24, 1870, he reported the sale to the probate court. The sale was confirmed, and on October 24, 1870, the administrator made his deed to the purchaser, who, on November 19, 1870, conveyed the premises to the defendants, also sons of the administrator.

The plaintiff is sole heir-at-law of Bernard Cain. She became of age January 7, 1884, and in September, 1887, brought this action in the district court for Hennepin county, to set aside the administrator's sale and deed to his son Patrick and the latter's deed to the defendants, on the ground that the former sale and deed were sham and fraudulent, and without any consideration in fact paid; that the administrator was directly interested in the purchase, that it was made for his benefit, and that the defendants took their deed with knowledge of the fraud, etc. The action was tried by *Baxter*, J., (acting for a judge of the fourth district,) who ordered judgment for defendants. The plaintiff appeals from an order refusing a new trial.

*C. D. & Thos. D. O'Brien, Chas. A. Willard,* and *John A. Giltinan,* for appellant.

*Woods & Kingman,* for respondents.

GILFILLAN, C. J. We might have been better satisfied with the result below had the decision been in favor of the plaintiff; for although, upon the essential issues of fact, the evidence in favor of the defendants was direct and positive, the circumstances in the case were such as to cast serious suspicion upon that evidence,—suspicion that would have justified the court in finding that the administrator's sale was fraudulent, and the purchase at it, ostensibly made by Patrick Mc-Geenty for himself, was in fact made for and in the interest of the administrator. The court below, however, gave credit to the testimony of the witnesses as it was rendered; and the circumstances indicating its falsity were not so conclusive as to justify us, within our rules of decision in such cases, in disturbing the finding. The relationship existing between the administrator and the purchaser—that of father and son, (the latter an adult)—was a circumstance to be considered, with the others in the case, in determining the question of actual fraud in the sale; but the law would not infer fraud from it.

Order affirmed.