No. 15,686.

## CRAWFORD v. GRAY.

DECEDENTS' ESTATES.—*Sale.*—*Purchase by Executor's Wife.*—Where two executors offer real estate of the testator for sale at public auction in pursuance of an order of court, the wife of one of the executors may, in good faith, become a purchaser of the real estate at such sale, and derive a valid title to the real estate through such purchase.

From the Rush Circuit Court.

*W. A. Cullen* and *J. D. Megee,* for appellant.

*J. D. Miller, F. E. Gavin, B. L. Smith, C. Cambern* and *T. J. Newkirk,* for appellee.

OLDS, J.—The question presented for decision in this case arises on the ruling of the court in sustaining demurrers to the appellant's answer and cross-complaint.

The facts alleged in each paragraph of answer and cross-complaint are substantially as follows: The real estate in controversy was the property of William Crawford, the father of the appellant, who died testate, and appointed one George Gray and Solomon P. Hilligoss his executors. The executors obtained an order from the Rush Circuit Court to sell the real estate to pay the debts of the testator, and it was offered in pursuance of such order for sale at public auction, and bid in by one James M. Gwinn, who was the son-in-law of appellee, in the name of the appellee, for $1,400. At the time of the sale appellee was the wife of said George Gray, one of the executors, and it is alleged that the property was in fact worth at the time $2,800, and appellee is now the widow of said George Gray.

The question presented is as to whether or not, where two executors offer real estate of the testator for sale at public auction in pursuance of an order of court, the wife of one of the executors may, in good faith, become a purchaser of the real estate at such sale, and derive a valid title to the real estate through such purchase.

There is no fraud or collusion alleged. There is an allegation that the real estate was worth more than the amount for which it was sold to the wife. It is contended on behalf of counsel for appellant that an executor can not become a purchaser at his own sale, and that the husband and wife are, in legal contemplation, one person, and therefore the wife can not become the purchaser at a sale made by her husband and another as executors; that when the wife takes title under such purchase the husband acquires an interest in the real estate, and that the wife can not convey the real estate except by deed in which her husband joins.

We can not concur with the theory of counsel that the husband and wife's legal existence is so blended together as to constitute in law but one person, and rendering the wife unable to purchase real estate sold by her husband and his co-executor at public auction.

Under the law of this State, as it is now and was at the time of this sale by the executors and purchase by the appellee, the wife had quite as distinct and individual an existence relating to her right to contract for and purchase real estate and take title in her own name, and hold, use and enjoy the same as did her husband.

She has the same right to invest her own money in the purchase of real estate as her husband, and regardless of the will of her husband. When once the title is vested in her, true she can not convey or encumber the same except by deed in which her husband joins, but there are no restrictions on her right to purchase and take title in herself. This she can do without his aid or consent, and he has no legal power to restrain or prevent her from doing so.

At the executor's sale the land was offered at public auction. In offering the land for sale the executors were acting under and in pursuance of an order of court. All who desired had the right to bid and become purchasers. The wife of one of the executors having the right to use her individual means as she willed, she had the same right to bid and

to become a purchaser in good faith as did any other individual, and to authorize an agent to act for her and bid the land off for her, and take title in her own name. Before the purchase the wife had no interest in the land. The husband was acting in a fiduciary capacity ; it was not necessary that the wife join him in a deed to pass title. The title was not even in the husband. It was the title which the testator held at his death that the executors conveyed to the wife. There is no fraud charged upon the part of either the appellee or the executors, or any collusion between the appellee and her husband.

It is not averred but what the sale was in good faith, or that the appellee was not the highest and best bidder, and the sale was at a public auction. The mere averment that the land was in fact worth more than the amount for which it was sold is not sufficient to invalidate the sale.

Section 5115, R. S. 1881, abolishes all the legal disabilities of married women to make contracts except as provided by the statute.

Section 5116, R. S. 1881, provides that the lands of a married woman, together with the rents and profits thereof, shall be her separate property as fully as if she were unmarried, except that she shall not convey or encumber except by deed in which her husband joins.

It has long been the law of this State that the wife might sue her husband when the action related to her separate property. And in *Crater* v. *Crater*, 118 Ind. 521, it was held that she might maintain an action of ejectment against her husband for the possession of her separate real estate.

There is no error in the rulings of the court.

Judgment affirmed, with costs.

MILLER, J., took no part in the decision of this case.

Filed April 1, 1892.