## Shaffer, Appellant, *v.* Lauria.

*Ejectment — Defenses — Adverse possession — Res adjudicata — Easement.*

Where in an action of ejectment instituted after the passage of the Act of May 8, 1901, P. L. 142, the plaintiff establishes a complete record title, and the defendant under the plea of not guilty

and in his answer claims as the sole ground of defense a legal title based upon an open, notorious, exclusive and adverse possession of the premises in dispute for over twenty-one years, and a verdict and judgment is entered for the plaintiff, such judgment is res adjudicata of every interest that the defendant may claim in the land; and in a subsequent equity suit by the plaintiff for an injunction to restrain the defendant from interfering with a fence which the plaintiff had erected to enclose the land, the defendant cannot set up that he had an easement of way over the land in question. If he had such an easement it should have been set up in the action of ejectment.

Argued Nov. 23, 1915. Appeal, No. 161, Oct. T., 1915, by plaintiff, from decree of C. P. No. 4, Philadelphia Co., Dec. T., 1909, No. 4307, on bill in equity in case of Lewis Shaffer v. Nicholas Lauria and Teresa Lauria, his wife, and Julius Goldstein. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Bill in equity for an injunction.

The bill averred that the plaintiff is the owner in fee of a certain piece of land therein described, on the rear of which is a yard of varying width, the title to which, and the right of possession of which, had been in dispute between the plaintiff and defendants. That Nicholas Lauria and Teresa Lauria, two of the defendants, are the owners and Julius Goldstein, the remaining defendant, tenant of the premises adjoining the property of the plaintiff, and that the said defendants had been in possession of and claimed title to the yard on the rear of plaintiff's property, and in order to determine the title and right of possession to said yard, plaintiff brought suit in ejectment against defendants and recovered judgment, thus establishing at law his title to said yard and right of possession thereof. From said judgment an appeal was taken to the Superior Court, October Term, 1911, No. 194, and the judgment was affirmed: see Shaffer v. Lauria, 50 Pa. Superior Ct. 135.

The defendants, upon the termination of said suit, re-

fused to vacate the yard, and plaintiff issued a writ of haberi facias and was put in possession and erected a fence dividing said yard from defendants' property; whereupon defendants tore down and destroyed said fence and commenced to occupy the yard and to deprive plaintiff of the use and occupation thereof; and further, notified the plaintiff that if he rebuilt the fence, they would tear it down and destroy it and continue to use the yard until prevented by a decree of court.

The defendants, in their answer, admitted the allegations of the bill and claimed that they had a right to occupy the land in dispute, by reason of an easement in said land, and that they were entitled to an easement and not to an exclusive use or right to the fee, and that they refused to abandon their right of way and easement.

No cross bill was filed.

The court after hearing testimony entered a decree enjoining the complainant from erecting any fence, boundary, or barrier to hinder or cut off the defendants or their tenants from free access into and out of the land in question.

*Error assigned* was the decree of the court.

*G. Albert Smyth,* for appellant.—The commencement of a suit in ejectment is a bar to any claim for title by adverse possession whether the claim be to the fee or to an easement to use the property generally: McKee v. Perchmont, 6 Pa. 342; Ermentrout v. Stitzel, 170 Pa. 540; Shaffer v. Lauria, 50 Pa. Superior Ct. 135.

It has been held in Pennsylvania that where an easement is to the entire possession of property, then ejectment is the proper remedy to test it: Cumberland Valley R. R. Co. v. McLanahan, 59 Pa. 23.

*John F. Gorman,* with him *Leo J. Gorman* and *William Gorman,* for appellees.—It is submitted that the mistake the appellant makes is in assuming that an ease-

ment cannot exist in conjunction with a paper title, and also that because a verdict was rendered in his favor in the lower court establishing his title to the strip of ground in dispute, the appellees are precluded from showing an easement in themselves over this strip: Tillmes v. Marsh, 67 Pa. 507; Goodtitle v. Alker, 1 Barb. 133; Cooper v. Smith, 9 S. & R. 26; First Baptist Society v. Wetherill, 82 Atl. 1062.

OPINION BY HEAD, J., October 9, 1916:

From time immemorial the action of ejectment has been the recognized legal remedy for a plaintiff who seeks to enforce a right of possession to real estate where such possession is wrongfully withheld by another. This being true, it should logically follow that, in such action, defense could be made on any ground that would establish in the defendant a right either to the absolute or to a qualified possession as against the right asserted by the plaintiff. Our statute of May 8, 1901, after providing in Section 1 that a single verdict and judgment in an action of ejectment shall be final and conclusive and bar the right, declares, in Section 2, the plaintiff must file a declaration which shall consist of a concise statement of his cause of action, with an abstract of the title under which he claims. In response thereto the defendant, in addition to the general plea of not guilty, must file an answer, in the nature of a special plea, in which he shall set forth his grounds of defense with an abstract of the title by which he claims; and on the trial no evidence shall be received to establish any matter not appearing in the pleadings. Although a defendant in such an action may have more than one line of defense, the act clearly declares he must set forth his whole defense in his special plea, otherwise he may not avail himself of it at the trial.

After many years of litigation between the parties to this appeal or their predecessors in title, the present plaintiff, in 1910, began an action of ejectment against

the present defendants for the recovery of the possession of the land in dispute and filed his statement of claim in obedience to the statute. From that statement it appeared that he had a written and recorded title to the ground which he claimed to be his and, as a consequence of the ownership evidenced by that title, his right to the possession of the land necessarily followed. It then became incumbent on the defendants to file their special plea setting forth the grounds on which they claimed the right to retain, in whole or in part, the possession which would otherwise be a legal incident of the plaintiff's ownership of the soil. In their special plea the defendants did not undertake to deny the written or recorded title exhibited by the plaintiff or that it embraced the property in dispute. They advanced, as their sole ground of defense, that for more than twenty-one years prior to the impetration of the writ they and their predecessors in title had been in open, notorious, exclusive and adverse possession of the premises in dispute; that by reason thereof the real ownership of the land had been wrested from the plaintiff or his predecessors and become vested in them, and, as a consequence, the right of possession accrued to them as a legal incident of their ownership of the fee.

Manifestly the defendants, without denying the plaintiff's ownership of the soil, could have set up that by reason of a grant from the plaintiff or his predecessor they had acquired a limited estate, for years or otherwise, in the property owned by plaintiff; or that, by a like grant, either actually made or legally presumed to have been made by reason of the lapse of time, an easement of way had been imposed in favor of the land owned by them upon that owned by the plaintiff, and that, as a consequence, they had a lawful right to such a qualified possession of the latter's land as was necessary for their reasonable use and enjoyment of such easement. As already indicated, however, they chose to plant their defense solely on the ground that they were the legal

owners of the soil, such ownership having been acquired in the manner stated.   Upon the issue thus voluntarily made by the  parties the cause came on for trial and resulted in a verdict in favor of the plaintiff upon which judgment was afterwards entered.   An appeal was taken to this court and on April 23, 1912, an opinion was handed down affirming the judgment of the court below.   No appeal having been allowed by the Supreme Court, in due time a writ of habere facias possessionem issued and the sheriff delivered, as he was commanded by his writ, the possession of the property in dispute to the plaintiff in the action.

Later in the same year the plaintiff filed this bill in which, after averring the facts to which we have referred, he set forth that he had erected a fence on the division line between the two properties and that the defendants had destroyed the same and threatened to continue their possession and use of the plaintiff's property, since the said judgment and writ of execution just as they had done before.   He prayed for an injunction restraining them from further entries upon his property and further interference with the same.   By way of answer the defendants practically admitted the facts set out in the bill but averred the property owned by them carried, with its ownership, an easement of way upon and over the property of the plaintiff and insisted upon their right, notwithstanding the verdict and judgment in ejectment, to the continued use of the same. After a full hearing the learned court below entered a decree denying to the plaintiff any relief and dismissing his bill.   The decree, however, went much further, and although no cross-bill had been filed, and although the answer of the defendants only prayed they might be "hence dismissed with our reasonable costs, &c.," the decree ordered the plaintiff to forever thereafter desist and refrain from interfering with the defendants in their right to use a portion of his premises and to have free access thereto and therefrom.   The plaintiff appealed.

If he be right in his contention that defendants are concluded by the judgment in ejectment, or, in other words, that they are estopped by matter of record from urging the facts set up in their answer, it will be unnecessary to consider other questions that have been argued before us. In stating the legal principle upon which we must determine the correctness of this contention, we may well use the language of Mr. Justice MESTREZAT, in Jackson v. Thomson, 215 Pa. 209: "To determine what was adjudicated in the former equity suit between the parties to that action, it will be necessary to refer to the pleadings and the decree of the court. 'As this (former adjudication) is an estoppel by matter of record,' says THOMSON, C. J., in Williams v. Row, 62 Pa. 118, 'we must look to see what the record says, what it was that the plaintiffs claimed by their bill.' And in Kelsey v. Murphy, 26 Pa. 78, where a former adjudication was set up as a defense, WOODWARD, J., delivering the opinion, says: 'The bill in chancery with which we have to do in this case was between the same parties as the present action. Was it directly upon the same point? Was the present cause of action included, and might it have been recovered in that suit? To determine this, recourse must be had to the pleadings then and now,' &c."

As we have already said, the plaintiff sued in ejectment to enforce his right of possession to certain real estate claimed to be owned by him. His declaration averred his ownership in fee and set forth the muniments of title which created and conserved it. The defendants then had their day in court to set up any matter of defense that would answer, completely or partially, the plaintiff's claim for the entire and exclusive possession of the land in dispute. The defendants were at liberty to deny the title of the plaintiff on which he rested his right of possession and set up ownership in themselves. Or if unable to deny the plaintiff's title to the soil, they could none the less advance their claim to such limited

or qualified right of possession thereof as the facts they could prove would warrant. But by force of the statute they were bound to give notice in their special plea of the extent to which they claimed the right of possession and the ground on which their claim rested. From the pleadings therefore, as well as the nature of the action, it becomes apparent it was competent for the defendants to have pleaded and proven in that suit the very same facts upon which they now rely, and thus there could have been adjudicated, in that action, by a court of competent jurisdiction every matter in dispute between the parties.

The defendants saw fit to make no other defense to the plaintiff's claim for possession than their alleged ownership of the land itself. Upon that issue, tendered by them, they were defeated. A general verdict for the plaintiff resulted. If the judgment upon that verdict did not secure to the plaintiff the right to the undisturbed possession of his land, which is the practical fruit of its ownership, how did it avail him anything? If the defendants may split up their defense and drive the plaintiff to successive actions of ejectment in each of which they may advance a distinct line of defense, the plaintiff's remedy is worthless. The record shows that the very same evidence produced in the trial of the ejectment was relied upon at the hearing of the bill in the present case. It was because of the choice of the line of defense made by the defendants in the ejectment suit this court said in the opinion affirming the judgment in that case, "It is to be remembered that the present parties so made up the issue and tried the case that the sole question for determination was the absolute title to the property in dispute. The record now before us does not require us to determine any question as to the existence of an easement in favor of the defendants' property over the strip of ground already referred to, nor as to the extent and character of that easement, if one exists, ......Had the defendant, upon the bringing of this

action, disclaimed any further interest in the strip of ground in dispute save only the easement claimed by his predecessor in the bill from which we have quoted, the effect of the decree there entered would have been a matter for serious consideration. But when the whole defense in the present case rests upon an alleged title in fee by the operation of the statute, and when the evidence conclusively shows that the defendant himself has not held adverse possession for twenty-one years and that no such possession was claimed by his predecessor in title, the defense failed and there remained nothing for the learned trial court to do except to direct a verdict in favor of the plaintiff, the undisputed holder of the legal, written, recorded title to the premises": Shaffer v. Lauria, 50 Pa. Superior Ct. 135.

That the defendants could have and should have pursued the course just indicated if they intended to make defense on the ground of the existence of an easement seems to us clear. Having, for purposes of their own, declined to advance this limited defense to the plaintiff's right to recover, we think they have fully had their day in court and cannot now be heard to make the defense they could and should have made before the court and jury. The plaintiff, having established his right at law, was entitled to the protection of the injunctive decree he prayed for.

The decree of the court below is reversed and set aside, the plaintiff's bill is reinstated and the record is remitted to the court below with direction to enter an injunctive decree according to the prayer of the plaintiff's bill.