## McHale, Appellant, *v.* Cullen.

*Real property—Trusts—Constructive trusts — Cotenants—Purchase at sheriff's sale.*

A son of a cotenant and mortgagee, who purchases under foreclosure proceedings the property owned by his father in cotenancy, does not thereby become a constructive trustee for the other cotenants, but takes the property free and clear of their interests therein.

Where there is no proof that the purchaser at the judicial sale acted as the agent of any of the cotenants or that the purchase money was furnished by any of them, he must be presumed to have acted in good faith, and on his own behalf, and the mere fact of his relationship to one of the cotenants, will not impeach the sale or create a constructive trust.

Argued March 3, 1919. Appeal, No. 14, March T., 1919, by plaintiff, from judgment of C. P. Lackawanna

Statement of Facts—Opinion of the Court. [71 Pa. Superior Ct.
Co., May T., 1914, No. 556, for defendants, in case tried
by the court without a jury in suit of John McHale v.
Kate E. Cullen and William T. Cullen.    Before OR-
LADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ.
Affirmed.

Ejectment for the recovery of a lot of land situate on
Olive street in the City of Scranton.    Before EDWARDS,
P. J., without a jury.

The facts are stated in the opinion of the Superior
Court.

The court entered judgment in favor of the defendants.
Plaintiff appealed.

*Error assigned,* among others, was the judgment of the
court.

*A. A. Vosburg,* for appellant.—The son of the cotenant
could not purchase the lien against the common property
and use it to sell out the interest of the other cotenants:
18 Cyc. 772; Dundas's App., 64 Pa. 325; Gibson v. Win-
slow, 46 Pa. 380; Est. of DuPlaine, 185 Pa. 332; En-
yard v. Enyard, 190 Pa. 114; Weaver v. Wible, 26 Pa.
270; Duff v. Wilson, 72 Pa. 442.

*Cornelius Comegys,* for appellee.

OPINION BY KELLER, J., April 21, 1919:
This was an action in ejectment brought by John
McHale, the appellant, against the appellees, Kate E.
Cullen and William T. Cullen, for a one-half undivided
interest in certain land in the City of Scranton.    In the
statement and abstract of title, which he was required
to file under the Act of May 8, 1901, P. L. 142, the plain-
tiff averred that he was the owner of a one-half undi-
vided interest in the described land and that the de-
fendants "who claim to own the other one-half undi-
vided interest have attempted to oust the plaintiff and

to deprive him of his title as joint owner with them, and have taken actual possession of the land in dispute," etc., and in support thereof, in his abstract, showed title to the tract in dispute to be in John McHale and Thomas N. Cullen, by deed from George W. Hess et al., dated November 14, 1887, and duly recorded. The defendants in their answers denied joint possession of the property by them, and averred that William T. Cullen was in actual and sole possession of the land described in the writ, and was the owner thereof by virtue of a sheriff's sale of the land as the property of John McHale et al., and a conveyance to him thereunder, and, in the abstract of title annexed, set forth the judgments against the property existing at the time of the sheriff's sale, and the deed from the sheriff to William T. Cullen, dated April 3, 1914, and duly recorded, under which he claimed title, and pleaded "not guilty" in accordance with the Act of 1901. The case was tried by the learned president of the Court of Common Pleas without a jury.

In support of his case, the plaintiff offered in evidence the præcipe for the writ, the writ and the return of the sheriff, and the deed from George W. Hess et al. to John McHale and Thomas N. Cullen, and the answers of the defendants, for the purpose only of showing ouster and adverse claim by them, and then rested. The defendants offered in evidence the deed from the sheriff to William T. Cullen for the premises in question, and also a mortgage against the premises, given by John McHale and Thomas N. Cullen to George W. Hess, in 1887, for $1,400, and an assignment of the mortgage, in 1906, by Hess to Kate E. Cullen. It was admitted that a scire facias was issued on this mortgage and judgment duly entered on the sci. fa.; that afterwards writ of lev. fa. issued, and the property was sold at the sheriff's sale following to William T. Cullen, and that the deed offered in evidence was executed, delivered and recorded. It was also admitted that Kate

E. Cullen was the wife of Thomas N. Cullen, and that William T. Cullen was the son of Thomas N. Cullen and Kate E. Cullen. The plaintiff then offered to prove, in rebuttal, that Kate E. Cullen knew, at the time she took an assignment of the mortgage, that the property covered thereby was owned by the plaintiff and her husband equally, as tenants in common, and that William T. Cullen had knowledge of the same facts at the time he bought the property at sheriff's sale. On objection by the defendants' counsel that the offer was not rebuttal and did not support any allegation of the plaintiff's statement, and was not in accord with the plaintiff's abstract of title and therefore inadmissible under the Act of 1901, the court excluded the offers.

The difficulty with the plaintiff's case is, that the real basis of his cause of action, on which he grounded his right of recovery, was an alleged equitable claim to retain his equal undivided interest in the property, notwithstanding the sheriff's sale of the entire property, because the holder of the mortgage on which the property was sold was the wife of his cotenant and the purchaser at said sale was the son of the cotenant and his said wife. In his pleadings, however, he did not set up this equitable claim, nor did he offer to do so by amendment, but based his right to recover on the original deed from Hess to his cotenant and himself. The Act of May 8, 1901, P. L. 142, is clear upon this point: "The plaintiff shall file a declaration, which shall consist of a concise statement of his cause of action, with an abstract of the title under which he claims the land in dispute,......nor shall any evidence be received on the trial of said action of any matter not appearing in the pleadings." It was incumbent on the plaintiff, under the provisions of this act, to set forth in his statement and abstract of title the real cause of action upon which he relied, if he intended to introduce any testimony in support of it: Klick v. Gernert, 220 Pa. 503; Rochester Boro. v. Kennedy, 229 Pa. 251; Shaffer v.

Lauria, 64 Pa. Superior Ct. 265. As was well said by Mr. Justice MOSCHZISKER, in Hare v. O'Brien, 247 Pa. 30 : "We do not see that the learned court below erred by confining its attention in determining the present case to the proofs relevant to the issues raised by the pleadings and abstracts of title." Notwithstanding this, the court below, when it came to make its findings of fact and conclusions of law, considered the offers of the plaintiff with the same effect as if they had been proven, and came to the conclusion that the evidence failed to show fraud, in fact or law, on the part of William T. Cullen, or to fasten on him a constructive trust ex maleficio or equitable estate in favor of the plaintiff for an undivided one-half of the property in question. We are not convinced that he erred in so finding. There was no proof, nor offer to prove, that the money paid by William T. Cullen for the purchase of the property at sheriff's sale had been furnished by his mother or any other person, or that, in buying the property, he acted on behalf of any person but himself.

We have been able to find no case, after an exhaustive review of the authorities, which extends the principle that one cotenant cannot purchase an encumbrance or outstanding title and set it up against his cotenants for the purpose of depriving them of their estate: Weaver v. Wible, 25 Pa. 270; Duff v. Wilson, 72 Pa. 442; Tanney v. Tanney, 159 Pa. 277; and that the husband or wife of a cotenant or trustee cannot acquire the common trust property at a judicial sale : Dundas's App., 64 Pa. 325, so as to hold that the son of a cotenant may not purchase the entire property at a judicial sale free of the interests of all the cotenants, where there is no proof adduced that he acted as the agent of any of the cotenants, or that the purchase money was furnished by such cotenant.

In Reynold's Est., 239 Pa. 314, certain real estate of a decedent, held by his widow and collateral heirs as tenants in common, was sold by judicial sale to a third

person, who subsequently conveyed the entire property to the widow. It was held that her former cotenants had no interest in the property, as the purchaser at the judicial sale stood in no relation of trust or confidence to the former owners, and there was no evidence that he had purchased the property for her or on her behalf, or pursuant to any agreement or understanding that she should have a right to purchase from him. In Cain v. McGeenty, 41 Minn. 194, 42 N. W. 933, it was held that the law will not infer fraud in an administrator's sale of real estate from the fact that the purchaser is the son of the administrator. In Wagner v. Geiselman, 156 S. W. 524 (Texas), it was held that the daughter of the owner of a tract of land who had conveyed a portion of it to a third person did not hold such a position of trust or confidence to her father's grantee as to prevent her from acquiring a paramount title to the tract conveyed. And in Ball v. Campbell, 134 Pa. 602, it was held that, where such a trust is relied upon, there must be evidence, and more than a scintilla, which would justify the jury in finding the trust alleged.

There was no evidence in the case that William T. Cullen held any relation of trust or confidence towards the coöwners of this land, such as to entitle them to claim that he purchased the land at judicial sale as trustee for them, nor that, in the purchase, he acted for or represented anybody but himself.

The assignments of error are overruled and the judgment is affirmed.