CHARLES A. SETARO vs. ANGELINA PERNIGOTTI, ADMIN-
ISTRATRIX (CHARLES A. SETARO'S APPEAL
FROM PROBATE).

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND WOLFE, JS.

A Court of Probate has no discretion in the matter of accepting and
 recording a return of sale of real estate and its action in so
 doing is purely ministerial; but the parties in interest are not
 thereby concluded from questioning the conduct of the fiduciary
 in making the sale, upon objection to the allowance of his
 account.
Under Chapter 122 of the Public Acts of 1921, public notice of a
 private sale of real estate by order of a Court of Probate, is no
 longer required.
The existence of near relationship between a fiduciary and a purchaser
 does not of itself raise an inference of fraud, it being merely
 one circumstance to be considered with all the others in determin-
 ing the fairness and good faith of the transaction; and, therefore,
 the trial court's conclusion that the sale of real estate in the
 present case by an administratrix to her daughter was made in
 fairness and good faith, was not unreasonable, since it appeared
 that the price paid was the highest offered, that it exceeded the
 inventory value and was equivalent to the market value of the
 property, and that the Court of Probate, with full knowledge of
 all the circumstances, approved of the proposition.
A sale by order of a Court of Probate must be for cash only and
 not on credit or by way of exchange, but a breach of this rule
 does not invalidate the transaction, the sole consequence being
 the liability of the fiduciary, upon his bond or otherwise, for any
 resulting loss.

Argued January 27th—decided March 5th, 1927.

APPEAL by the plaintiff from orders and decrees of
the Court of Probate for the district of Danbury ac-
cepting a return of sale of real estate and allowing an
administration account, taken to the Superior Court
in Fairfield County and tried to the court, *Banks, J.;*
judgment rendered confirming the action of the Court

of Probate and dismissing the appeal, from which the plaintiff appealed. *No error.*

*Charles W. Murphy,* with whom, on the brief, was *Leonard McMahon,* for the appellant (plaintiff).

*Samuel A. Davis,* for the appellee (defendant).

HINMAN, J. Stated generally, the questions presented by this appeal are: (1) whether "the decree of the Court of Probate approving the sale" of the decedent's real estate, and (2) whether the order accepting the final account of the administratrix, should be affirmed or reversed.

The first may be disposed of by the observation that the action of a Court of Probate in accepting and recording a return of sale is simply a ministerial act; the return cannot be rejected, the court can exercise no discretion, but must receive and record it, though the parties in interest are not thereby concluded from investigating the conduct of the fiduciary in making the sale, upon objection to the allowance of his account. *Holbrook* v. *Brooks,* 33 Conn. 347, 352; Cleaveland, Hewitt & Clark's Probate Law and Practice, § 251.

We pass, then, to the objections to the acceptance of the administration account, with special reference to the item wherein the administratrix charges herself with $1,500, as the sale price of the real estate. Angelina Pernigotti, daughter of Angelo Carrara, was appointed administratrix of his estate July 24th, 1920. The inventory, filed November 12th, 1920, included a lot with a house thereon, appraised at $1,400. Some twenty years before, the finding states, Mrs. Pernigotti had bought the place for her mother, Mrs. Carrara, the title being taken in the name of the latter's husband, Angelo Carrara, the decedent. Mrs. Carrara, who was

over ninety years of age at the death of her husband, considered that the place belonged to her, and her daughter wished to have her feel that she still owned her home as long as she lived. No effort was made by the administratrix to sell the property until, on March 28th, 1923, a motion was made in the Court of Probate in behalf of the appellant, who is a judgment creditor of a son and heir of the decedent. Thereupon the judge of probate informed the administratrix that it would be necessary to sell the real property and close the estate. On May 7th, 1923, after notice by publication, the Court of Probate ordered the real estate sold at private sale. No public notice of such sale was ordered and none is now required by statute. Public Acts of 1921, Chap. 122. On May 9th the administratrix gave her daughter, Mrs. Zerbola, a deed of the property, the consideration being $1,500, of which $425 was paid in cash, $700 by a personal debt owed by the administratrix to her daughter, and the balance, $375, was unpaid at the time of the acceptance of the account, but has since been fully paid in instalments.

The appellant contends, first, that the sale to the daughter was constructively fraudulent. Near relationship between a fiduciary and a purchaser does not, however, of itself, raise an inference of fraud; it is a circumstance to be considered with all the others in determining the fairness and good faith of the transaction. *Schwartz* v. *Schwartz,* 104 Conn. 271, 277, 132 Atl. 461; *Purdy* v. *Watts,* 88 Conn. 214, 90 Atl. 936; *Mooney* v. *Mooney,* 80 Conn. 446, 68 Atl. 985; *Crawford* v. *Gray,* 131 Ind. 53, 30 N. E. 885; *Cain* v. *McGeenty,* 41 Minn. 194, 42 N. W. 933; *Fairburn Banking Co.* v. *Summerlin,* 144 Ga. 31, 88 S. E. 1007; 24 Corpus Juris, 639. It appears that, in consultations as to the necessity of selling the property, the judge of probate, who knew the situation, suggested to Mrs.

Zerbola that she could buy the place herself, and that it would be satisfactory to the court if she paid $100 more than the inventory value, provided there was no higher offer for the property. The trial court finds that neither the administratrix nor the purchaser knew that the appellant had any interest in the estate or that he or any other person desired to buy the property, that no offer was made during all of the time which elapsed between the filing of appellant's motion in March and the sale in May, and further finds that the fair market value of the property, in view of its condition, situation, and rental, was not over $1,500. Upon all the facts, the court's conclusion that both seller and purchaser acted in good faith throughout the transaction was fully justified.

It is further claimed that the sale was invalid because the entire purchase price was not paid in cash at the time of the sale and a' part of the consideration was a personal debt owed by the administratrix to her daughter. In this State it is the duty of an administrator to sell for cash only and not on credit or by way of exchange. *Foster* v. *Thomas,* 21 Conn. 284; Cleaveland, Hewitt & Clark's Probate Law and Practice, p. 315. The reasons for the rule are logical and convincing and departure therefrom is not to be commended or condoned. The consequence of a breach of this duty is, however, liability of the administrator, on his bond or otherwise, for any loss which ensues, even if he acted in good faith; the validity of the sale is not affected. *Foster* v. *Thomas, supra.* The administratrix is under bond of $1,700, and is found to have considerable means, so that if she failed to account for the entire purchase price reimbursement would be readily available. It is also found that she was prepared to account for the full amount. Therefore the

appellant was not prejudiced by her failure to obtain full cash payment at the time of the sale.

The only remaining reason of appeal which is within the claims of law made upon the trial is that the administratrix's account should not have been accepted "when it appeared at the hearing thereon that the appellant was then willing to pay $2,500 for the property." The finding is that no offer was made to the administratrix until after the sale. At the hearing on the final accounting, July 26th, 1923, the attorney for the appellant stated that the latter would give $2,500. Even if this may be regarded as an offer, it manifestly came much too late to affect the good faith or validity of the sale. Furthermore, it is found that Mrs. Zerbola, after purchasing the property, expended nearly $1,700 upon a portion of it in order to put it in suitable condition for renting.

There is no error.

In this opinion the other judges concurred.