ANTHONY J. JUROVATY *v.* MARY JUROVATY, ADMINIS-
TRATRIX (ESTATE OF ANTHONY JUROVATY)

INGLIS, C. J., BALDWIN, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued December 2, 1953—decided January 26, 1954

*Irwin I. Krug,* for the appellant (plaintiff).

*Stephen E. Ketcham,* for the appellee (defendant).

BALDWIN, J. The Probate Court for the district of Andover appointed Ellsworth L. Covell a committee to sell certain real estate belonging to the estate of Anthony Jurovaty to Mary Jurovaty, the administratrix. On February 12, 1953, the court, in the words of the motion for appeal, "approved" the committee's return of sale. The court also added that it "approved" the committee's account. The plaintiff, an heir at law, took an appeal from the order of February 12 to the Superior Court, which dismissed the appeal on motion. The plaintiff has appealed from that judgment.

We note at this time that the Probate Court expressed itself as approving not only the committee's return but also its account. The court was acting pursuant to § 7028 of the General Statutes, which provides that upon the application of a fiduciary to sell real estate under § 7022 the court may authorize a person other than the fiduciary to make the sale. In that event that person, designated a committee, and the fiduciary are required to give probate bonds, unless exempted under § 7024, "that they will faithfully administer and account for the avails of such sale according to law." The word "account," so far as it relates to the committee appointed to sell, means no more than that he shall do what the statute directs, to wit, "pay to the fiduciary the sum for which such real estate was sold." The committee is required to

make a return of his doings to the court. General Statutes § 6826. The return recites compliance with the order of the court as to notice and the manner of conducting the sale, the terms and the amount of cash received. 2 Locke & Kohn, Conn. Probate Practice, p. 427. The fiduciary's account will show the amount received from the sale. If the committee fails to turn over the money received, he is liable on his bond. We shall construe the order of the Probate Court as going no further than to accept the return of the committee.

The question, then, is whether an appeal lies from the acceptance of this return of sale by the Probate Court. It is the defendant's contention that the court's act is ministerial and that no appeal lies. Section 7028 specifically states that the fiduciary may be a purchaser. Its purpose is to provide the means by which a sale to and a purchase by a fiduciary can be accomplished. *Oles* v. *Furlong,* 134 Conn. 334, 341, 57 A.2d 405. A sale having been made in compliance with the order, the court has no discretion but to receive and record the return. Its act is ministerial and not judicial. The parties in interest are not prevented thereby from questioning a sale to the fiduciary. They have the opportunity to investigate his proposed purchase at the hearing before the order of sale is passed, and again upon the allowance of his account. *Holbrook* v. *Brooks,* 33 Conn. 347, 352; *Setaro* v. *Pernigotti,* 105 Conn. 685, 686, 136 A. 571; 2 Locke & Kohn, Conn. Probate Practice, p. 417; Cleaveland, Hewitt & Clark, Probate Law & Practice, § 251; General Statutes § 7022.

The dismissal of the appeal by the Superior Court was correct.

There is no error.

In this opinion the other judges concurred.